```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

OLAVI LINARES,                      :

              Petitioner,           :

      -against-                     :     04 Civ. 2973 (KMW)(KNF)
                                          Opinion and Order
PEOPLE OF THE STATE OF NEW YORK,    :
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES,              :

              Respondent.           :

------------------------------------X
```

WOOD, U.S.D.J.:

Pro se petitioner Olavi Linares seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2001 conviction in New York State Supreme Court, Bronx County, for the criminal sale and criminal possession of a controlled substance.

Petitioner asserts eight claims.[1] He argues that: (1) the police lacked probable cause to arrest or search him (the "Probable Cause Claim"); (2) the drug evidence produced at his trial was the product of a deficient chain of custody (the "Chain of Custody Claim"); (3) his jury was "hastily empaneled" and his trial counsel did not exercise peremptory challenges in a

---

[1] Petitioner did not file a memorandum of law in support of his Petition or a response to Respondent's Answer. Because Petitioner proceeds pro se, the Court construes the Petition liberally to assert the strongest possible claims. See Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998).

"meaningful manner" (the "Jury Empaneling Claim"); (4) his jury was prejudiced by the introduction of a photograph into evidence (the "Photograph Claim"); (5) his trial counsel rendered ineffective assistance (the "Ineffective Assistance Claim"); (6) the evidence presented at his trial was legally insufficient to convict (the "Insufficient Evidence Claim"); (7) the trial judge was biased against him (the "Biased Judge Claim"); and (8) he was the victim of prosecutorial vindictiveness (the "Prosecutorial Vindictiveness Claim").

The Court referred this Petition to Magistrate Judge Kevin Nathaniel Fox. On August 20, 2007, Magistrate Judge Fox issued a Report and Recommendation ("Report"), familiarity with which is assumed, recommending that the Court deny the Petition. Petitioner filed timely objections to the Report.[2] For the reasons stated below, the Court considers the Petition de novo and DENIES the writ of habeas corpus.

I. Background[3]

---

[2] Petitioner submitted a letter to the Court dated August 26, 2007, which the Court deemed to be objections to the Report (D.E. 21). The Court also granted Petitioner time to submit supplemental objections, but Petitioner failed to do so. The Court addresses Petitioner's objections infra notes 11, 12.

[3] The Report's "Background" section provides additional information about Petitioner's alleged criminal conduct and the procedural background of his case. The Court adopts this section in its entirety. See Report 2-5. However, the Court corrects a typographical error found on page 2 of the Report. The Report states that "a street-level, undercover, buy-and-bust drug

2

On September 6, 2001, a jury convicted Petitioner of (1) Criminal Sale of a Controlled Substance in the Third Degree; and (2) Criminal Possession of a Controlled Substance in the Seventh Degree. The trial court sentenced Petitioner to concurrent terms of imprisonment of 7 1/2 to 15 years for his sale conviction and one year for his possession conviction. Petitioner timely appealed his conviction to the New York State Appellate Division, First Department, which affirmed his conviction on May 30, 2003. See People v. Linares, 759 N.Y.S.2d 76 (N.Y. App. Div. 2003). On August 22, 2003, the New York State Court of Appeals denied Petitioner's application for leave to appeal. See People v. Linares, 798 N.E.2d 355 (N.Y. 2003).

On direct appeal, Petitioner raised, inter alia, the Insufficient Evidence Claim (Claim 6). Petitioner did not raise Claims 1-5 or 7-8. Petitioner has not pursued state collateral review of his conviction.

II. Discussion

Although the Report thoroughly analyzed the substantive merits of Petitioner's claims, it did not consider Petitioner's failure to exhaust state remedies with respect to Claims 1-5 and 7-8. The Court therefore reviews the Petition de novo.[4]

---

operation was conducted in Bronx County" on "September 22, 2002." This operation took place on September 22, 2000.

[4] The Court notes that by order dated June 30, 2004, Magistrate Judge Fox dismissed Claims 3-5 without prejudice and

A. Section 2254

   1. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal court may hear a petition for habeas corpus "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

If a claim has been adjudicated on the merits in state

---

stayed the Petition, in order to give Petitioner the opportunity to exhaust Claims 3-5 in state court (D.E. 8). The order "directed" Petitioner to initiate state court proceedings within 30 days. By order dated September 2, 2005, Magistrate Judge Fox denied Petitioner's request for additional time to initiate state court proceedings and stated that "the Court will proceed with the application for a writ of habeas corpus accordingly" (D.E. 12). Although Claims 3-5 were dismissed without prejudice by the June 30, 2004 order, the Report addressed the merits of these claims.

   The Court deems Claims 3-5 to be reasserted by Petitioner. Not considering Claims 3-5 would be unfairly prejudicial, because the June 30, 2004 order did not inform Petitioner of the procedural implications of failing to follow the order's "direction." See Zarvela v. Artuz, 254 F.3d 374, 382 (2d. Cir. 2001) (noting that habeas corpus is "fraught with obscure procedural perils" and stating that pro se litigants should be informed of "the consequences of not following required procedures"). If the Court does not consider Claims 3-5 now, Petitioner will be precluded from raising them in a later habeas petition because it would be a successive petition. See 28 U.S.C. § 2244(b)(2) (limiting the Court's authority to hear successive petitions). Alternatively, if the Court dismisses the Petition in its entirety to avoid the successive petition problem, Petitioner's claims will be barred from subsequent review due to AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d); Duncan v. Walker, 533 U.S. 167, 180-81 (2001) (holding that AEDPA does not toll the statute of limitations period during the pendency of federal habeas review). The Court therefore uses its discretion to deem Claims 3-5 to be reasserted.

court,[5] the Court may not grant a habeas petition unless the state court's adjudication of that claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from a [Supreme Court decision] and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of federal law is not merely an incorrect application, but rather "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000) (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)).

    2. Exhaustion

AEDPA also limits the Court's authority to adjudicate habeas

---

[5] "[A] state court 'adjudicate[s]' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment. . . . even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001).

5

petitions containing claims that were not exhausted in state court. In order to exhaust state remedies, "a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted).

Pursuant to AEDPA, the Court cannot grant a habeas petition by a state prisoner unless (1) "the applicant has exhausted the remedies available in the courts of the State;" (2) "there is an absence of available State corrective process;" or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).[6] The Court also may not grant a habeas petition containing a mix of exhausted and unexhausted claims (a "mixed petition"). See Rose v. Lundy, 455 U.S. 509, 510 (1982); Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001).

However, the Court has discretion to deny a habeas petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28

---

[6] A court may deem an unexhausted claim to be exhausted, if "any state court to which Petitioner might now present th[e] claim would almost certainly find it procedurally barred." Aparicio, 269 F.3d at 91. In this circumstance, the Court "must deem the claim[] procedurally defaulted" and dismiss it, unless the petitioner "show[s] cause for the default and prejudice, or demonstrate[s] that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)." Id. at 90.

6

U.S.C. § 2254(b)(2).[7] The Second Circuit "has not yet articulated a standard for when a petition containing unexhausted claims should be denied on the merits." Toland v. Walsh, No. 02 Civ. 0399, 2008 WL 820184, at *15 (N.D.N.Y. Mar. 26, 2008). However, "the majority of district court decisions in this Circuit have embraced a 'patently frivolous' test for dismissing unexhausted claims," while "[a] minority of courts in this Circuit have expressed the test as whether 'it is perfectly clear that the [petitioner] does not raise even a colorable federal claim.'" Id. (citations omitted).[8] The Court notes that these two tests are virtually identical. A claim is "patently frivolous" when it "lacks an arguable basis either in law or in fact," see Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining "frivolous" under 28 U.S.C. § 1915), while a petitioner does "not raise even a colorable federal claim" when "it is perfectly clear that the petitioner has no hope of prevailing,"

---

[7] If the Court declines to use its discretion under § 2254(b)(2) to deny a mixed petition, the Court may (1) dismiss the petition in its entirety without prejudice; (2) dismiss the unexhausted claims without prejudice and stay proceedings on the remaining portion of the petition until the petitioner exhausts all claims; or (3) permit the petitioner to withdraw the unexhausted claims and then consider the remaining claims on their merits. See Rose v. Lundy, 455 U.S. 509 (1982); Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001).

[8] The Third, Fifth, and Ninth Circuits have adopted the "colorable federal claim" test. See Cassett, 406 F.3d at 623; Jones v. Morton, 195 F.3d 153, 156 n.2 (3d Cir. 1999); Mercadel v. Cain, 179 F.3d 271, 276 n.4 (5th Cir. 1999).

7

Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

B. Analysis

Petitioner never presented Claims 1-5 and 7-8 to state court, either on direct appeal or collaterally.[9] Because these claims were never presented "to the highest state court capable of adjudicating them," they are unexhausted. See Mallet v. Miller, 432 F. Supp. 2d 366, 374 (S.D.N.Y. 2006). Having reviewed the Petition de novo, the Court concludes that (1) the insufficient evidence claim (Claim 6), which was exhausted in state court, has no merit; and (2) Claims 1-5 and 7-8, which are unexhausted, are patently frivolous and do not state a colorable federal claim.[10] Accordingly, the Court denies the Petition pursuant to its authority under § 2254(b)(2).[11]

1. The Insufficient Evidence Claim (Claim 6)

Petitioner argues that he was deprived of his right to a

---

[9] Under New York law, Petitioner could have raised these claims on direct appeal. See New York Crim. Proc. Law § 450.10. If "sufficient facts [did not] appear on the record . . . to permit adequate review thereof upon such an appeal," then Petitioner could have sought collateral review pursuant to New York Criminal Procedure Law § 440.10.

[10] The Court need not determine whether the "patently frivolous" or "colorable federal claim" test applies, because these claims meet both tests.

[11] The Court notes that because it reviews the entire Petition and dismisses Claims 3-5 on the merits pursuant to § 2254(b)(2), the Court need not consider Petitioner's objection that he should have received additional time to seek state court review of Claims 3-5.

fair trial because the evidence produced at his trial was legally insufficient to convict him.  Petitioner raised this claim on direct appeal and the Appellate Division adjudicated Petitioner's claim on the merits, holding that the "verdict was based on legally sufficient evidence and was not against the weight of the evidence." See People v. Linares, 759 N.Y.S.2d 76, 76 (N.Y. App. Div. 2003).  Accordingly, the Court "must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim."  Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001).

A petitioner challenging the sufficiency of the evidence underlying a state court conviction must demonstrate that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979).  The Court adopts the Report's analysis that Petitioner has not met this burden, see Report 12-15, and concludes that the Appellate Division's analysis of Claim 6 was neither contrary to nor an unreasonable application of federal law.  Claim 6 therefore provides no basis for habeas relief.[12]

---

[12] In his objections, Petitioner argues that he is innocent. However, Petitioner does not point to any evidence of his innocence.  Because a "rational trier of fact could have found proof of [Petitioner's] guilt beyond a reasonable doubt," Jackson, 443 U.S. at 324, Petitioner's objection provides no basis for habeas relief.

9

2. The Unexhausted Claims

The Court concludes that Claims 1-5 and 7-8, which Petitioner did not exhaust, are patently frivolous and do not state a colorable claim.[13]

a. Probable Cause Claim (Claim 1)

Petitioner argues that he is entitled to habeas relief because drug evidence used against him at trial was seized by the police without probable cause. "However, it is well-settled that habeas review of Fourth Amendment claims that were, or could have been, previously litigated in state court are barred by Stone v. Powell." Montero v. Sabourin, No. 02 Civ. 8666, 2003 WL 21012072, at *5 (S.D.N.Y. May 5, 2003) (citing Stone v. Powell, 428 U.S. 465 (1976)). Under Stone, "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone 428 U.S. at 482. The Court can provide habeas relief on the basis of Fourth Amendment claims only "(a)

---

[13] The Court notes that several of Petitioner's claims would be procedurally barred if Petitioner now attempted to exhaust them in state court. Because the court dismisses the Petition pursuant to § 2254(b)(2), it "need not decide" whether it should deem these claims exhausted and procedurally defaulted. See supra note 6; Basnight v. Keane, No. 99 Civ. 5907, 2001 WL 901139, at *5 (E.D.N.Y. Jul. 31, 2001) (not reaching the question of whether it was "too late" to raise claims in state court, because it dismissed the petition under § 2254(b)(2)).

10

if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

The Court adopts the Report's analysis that New York law provides adequate procedures for litigating Fourth Amendment claims. See Report 6-7; see also Montero, 2003 WL 21012072, at *5. The Court also finds that Petitioner presented no evidence that he was precluded from using New York's procedural mechanisms. Petitioner's Probable Cause Claim is therefore not cognizable on habeas review. Accordingly, this claim is patently frivolous and does not state a colorable federal claim.

### b. Chain of Custody Claim (Claim 2)

Petitioner alleges that the drug evidence used at trial was not maintained in accordance with the applicable "chain of custody" protocol. The Court adopts the Report's analysis that this claim is not cognizable on habeas review. See Report 8.

"Any deficiency in the chain of custody affects the weight of the evidence, not its admissibility." People v. Guzman, 709 N.Y.2d 715, 715 (N.Y. App. Div. 2000); see also United States v. Morrison, 153 F.3d 34, 57 (2d Cir. 1998) ("Breaks in the chain of custody . . . bear . . . only [upon] the weight of the evidence .

11

. . ."). Because "a 'weight of the evidence' argument is a pure state law claim . . . . [and is therefore] not cognizable on habeas review," the Court concludes that Petitioner's Chain of Custody Claim is patently frivolous and does not state a colorable federal claim. See Hernandez v. Conway, 485 F. Supp. 2d 266, 274-75 (W.D.N.Y. 2007).

### c. Jury Empaneling Claim (Claim 3) and Biased Judge Claim (Claim 7)

The Court adopts the Report's analysis that Petitioner alleged no facts demonstrating (1) that the jury in his trial was unconstitutionally selected and empaneled (Claim 3); or (2) that his trial judge was biased against him (Claim 7). See Report 8-9, 15-16. The Court also adopts the Report's analysis that the record does not support these claims. See id.

Accordingly, because the Jury Empaneling Claim and the Biased Judge Claim are "speculative, conclusory and unsupported," the Court concludes that they are patently frivolous and do not state a colorable federal claim. See Cruz v. Artuz, No. 97 Civ. 2508, 2002 WL 1359386, at *14 (E.D.N.Y. Jun 24, 2002) (finding a claim patently frivolous when it was "speculative, conclusory and unsupported").

### d. The Photograph Claim (Claim 4)

Petitioner argues that the jury in his trial was prejudiced by the introduction into evidence of a photograph that was taken

of him on the day of his arrest. However, habeas relief for erroneous evidentiary rulings can be granted "only where [the] petitioner can show that the error deprived [him] of a fundamentally fair trial." Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983) (emphasis in the original). Assuming arguendo that the trial court erred in admitting the photograph, the Court adopts the Report's analysis that Petitioner did not demonstrate that the error "had [a] substantial and injurious effect or influence in determining the jury's verdict." See Report 10; Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Because it is not even arguable that the introduction of the photograph deprived Petitioner of a fundamentally fair trial, the Court concludes that Claim 4 is patently frivolous and does not state a colorable federal claim. See Neitzke v. Williams, 490 U.S. 319, 324 (1989); cf. Basnight v. Keane, No. 99 Civ. 5907, 2001 WL 901139, at *5 & n.1 (E.D.N.Y. Jul. 31, 2001) (finding that an argument that a trial outcome would have been different but for an attorney's error was patently frivolous).

    e. Ineffective Assistance Claim (Claim 5)

Petitioner argues that his trial counsel was constitutionally deficient. In order to establish ineffective assistance of counsel, Petitioner must demonstrate (1) that his counsel "made errors so serious that counsel was not functioning

13

as the 'counsel' guaranteed . . . by the Sixth Amendment;" and (2) that the "deficient performance prejudiced the defense. . . , [which] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984).

The Court adopts the Report's analysis that "Linares failed to identify errors . . . that demonstrate ineffective assistance was rendered to him." See Report 12. The Court also adopts the Report's analysis that "[n]othing in the record indicates that Linares' trial counsel's performance fell below an objective standard of reasonableness measured by prevailing professional norms." See id.; see also Strickland, 466 U.S. at 688 ("[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness. . . . under prevailing professional norms.").

Because Petitioner's Ineffective Assistance Claim is "speculative, conclusory and unsupported," the Court concludes that it is patently frivolous and does not state a colorable federal claim. See Cruz, 2002 WL 1359386, at *14.

### f. Prosecutorial Vindictiveness Claim (Claim 8)

The Petition states, without explanation, that Petitioner experienced "prosecutorial vindictiveness." The Court concludes that this claim is patently frivolous and does not state a

colorable federal claim.[14]

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Petitioner alleged no facts demonstrating either (1) "actual vindictiveness," which requires proof that the prosecutor's charging decision was a "direct and unjustifiable penalty" that resulted from the defendant's exercise of a protected legal right, United States v. Goodwin, 457 U.S. 368, 384 & n. 19 (1982); or (2) a "presumption of vindictiveness," which requires that "the circumstances of a case pose a 'realistic likelihood' of such vindictiveness," United States v. King, 126 F.3d 394, 397 (2d Cir. 1997). The record before the Court likewise does not reveal any indication of prosecutorial vindictiveness. Accordingly, the Court concludes that Petitioner's Prosecutorial Vindictiveness Claim is patently frivolous and does not state a colorable federal claim.

*****

The Court concludes (1) that Petitioner's exhausted claim (Claim 6) is without merit; and (2) that each of Petitioner's unexhausted claims (Claims 1-5 and 7-8) is patently frivolous and

---

[14] The Report did not address this claim.

does not state a colorable federal claim. Accordingly, the Court uses its discretion pursuant to § 2254(b)(2) to dismiss the Petition in its entirety.

III. Conclusion

For the reasons set forth above, the Court dismisses the Petition (D.E. 1) and denies Petitioner the writ of habeas corpus. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); see Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006); Vega v. Fischer, No. 04 Civ. 7991, 2005 U.S. Dist. LEXIS 44134 (S.D.N.Y. Dec. 13, 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED

Dated: New York, New York
May 14, 2008

*Kimba M. Wood*
Kimba M. Wood
United States District Judge